IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

CHRISTY BROWN, ALSO KNOWN AS
"LEAH," individually and on behalf of herself and
all others similarly situated,

             Plaintiff,

-against-

MUSTANG SALLY'S SPIRITS AND GRILL, INC.,
d/b/a Tiffany's Cabaret & Steakhouse and Tiffany's Cabaret,
DAVID SCRIVANI, DOMINIC L. SCRIVANI, and
JOHN DOEs 1 - 10, Defendants.

---

## CLASS ACTION COMPLAINT

Plaintiff BROWN, individually and on behalf of all others similarly situated, as a class

representative, upon personal knowledge as to herself and others alleges as follows:

### NATURE OF THE ACTION

1. This case concerns a chain of adult night clubs, owned by Defendants DAVID

SCRIVANI, DOMINIC L. SCRIVANI, and unknown other Defendants characterized

herein as JOHN DOEs 1-10 (collectively "Defendants"), that individually and

collectively misclassify their employee Dancers as non-employees, thereby evading the

obligation to pay them overtime at the rate of time and one half for all work in excess of

40 hours per week and without ensuring that they earn minimum wage for all hours

worked in a week. Defendants also confiscate part of workers' pay and tips to pay

managers, bouncers and disc jockeys. Defendants also fail to pay Plaintiff Dancers

"spread of hours" pay when they start and end work ten or more hours apart. Defendants

also require Plaintiffs to bear without reimbursement a variety of employer expenses such

as purchasing and maintaining dance uniforms for the benefit and convenience of the

employer.

2. This lawsuit seeks to require Defendants to pay its workers all of the wages they have earned, as the law requires.

3. Plaintiff Brown brings this action on behalf of herself and similarly situated current and former employees of Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et sec. ("FLSA"), and specifically the collective action provision of 29 U.S.C. § 216(b).

4. Plaintiff CHRISTY BROWN also brings this action on behalf of herself and all similarly situated current and former New York employees of Defendants, pursuant to Federal Rule of Civil Procedure 23, to remedy violations of the New York Labor Law ("NYLL") Article 6, §§ 190 et seq.,and Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations.

5. Plaintiff CHRISTY BROWN is an adult individual who was at all relevant times, a resident of New York.

6. CHRISTY BROWN was employed by Defendants as a dancer from approximately February 28, 2010 through in or about February 2012 at Defendants night clubs located at 300 Sawyer Ave., North Tonawanda, NY 14150.

7. CHRISTY BROWN has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b) and her Consent to Sue is attached.

8. CHRISTY BROWN is a covered employee within the meaning of the FLSA and the NYLL.

**Defendants**

9. Defendants MUSTANG SALLY'S SPIRITS AND GRILL, INC. ("MUSTANG SALLY"S), d/b/a Tiffany's Cabaret & Steakhouse and Tiffany's Cabaret, DAVID SCRIVANI, DOMINIC L. SCRIVANI, and JOHN DOES 1- 10, jointly employed

Plaintiff and similarly situated employees at all times relevant. Each Defendant has had substantial control over Plaintiffs working conditions, and over the unlawful policies and practices alleged herein.

10. Defendant MUSTANG SALLY'S SPIRITS AND GRILL, INC.'s headquarters address is listed with the Secretary of State of New York as 345 Grand Island Boulevard, Tonawanda, New York, 14150.

11. DAVID SCRIVANI and DOMINIC L. SCRIVANI are individuals who own and operate the clubs where Plaintiffs are suffered or permitted to work.

12. JOHN DOES 1- 10 are individuals presently unknown to Plaintiffs who own and operate the clubs where Plaintiffs are suffered or permitted to work.

13. Defendants own and operate night clubs in and around Buffalo, New York and Myrtle Beach, South Carolina.

14. Defendants are covered employers within the meaning of the FLSA and the NYLL and at all times relevant, employed Plaintiff and/or jointly employed Plaintiff and similarly situated employees.

15. Upon information and belief, at all times relevant, Defendants' annual gross volume of sales made or business done was not less than $500,000.

16. Defendants are covered employers within the meaning of the FLSA and the NYLL and at all times relevant, employed Plaintiff and/or jointly employed Plaintiff and similarly situated employees.

17. Upon information and belief, at all times relevant, Defendants' annual gross volume of sales made or business done was not less than $500,000.

18. Defendants operate three exotic dance clubs. The first is Tiffany's Tonowanda located at 300 Sawyer Ave, Tonawanda, NY 14150; the second is Tiffany's Airport located at 5111

Genesee Street, Cheektowaga, NY 14225; and Tiffany's Myrtle Beach located at 132
April Gray Lane, Myrtle Beach, SC 29579.

**JURISDICTION AND VENUE**

19. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and
    1337 and jurisdiction over Plaintiffs state law claims pursuant to 28 U.S.C. §§ 1332 and
    1367.

20. This Court also has jurisdiction over Plaintiffs claims under the FLSA pursuant to 29
    U.S.C. § 216(b).This Court is empowered to issue a declaratory judgment pursuant to 28
    U.S.C. §§ 2201 and 2202.

21. Venue is proper in the Western District of New York pursuant to 28 U.S.C. § 1391.

**CLASS ACTION ALLEGATIONS**

22. Plaintiff brings the New York Labor Law (NYLL) claims under Rule 23 of the Federal
    Rules of Civil Procedure, on behalf of herself and a class of persons consisting of "all
    dancers in New York who were suffered or permitted to work for Defendants for the
    period commencing six years preceding the filing of this complaint through the date of
    final judgment in this matter (the "Rule 23 Class").

23. Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives,
    officers, directors, assigns, and successors, or any individual who has, or who at any time
    during the class period has had, a controlling interest in any Defendant, the Judge(s) to
    whom this case is assigned and any member of the Judges' immediate family; and all
    persons who will submit timely and otherwise proper requests for exclusion from the Rule
    23 Class.

24. The employees in the Rule 23 Class are so numerous that joinder of all members is
    impracticable.

25. Upon information and belief, the size of the Rule 23 Class is at least 100 people; although the precise number of such employees is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants.

26. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

27. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

    (a) whether Defendants violated NYLL Article 6, §§ 190 *et seq.,* and Article 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Parts 146, as alleged herein;

    (b) whether Defendants misappropriated tips from Plaintiff and the Rule 23 Class;

    (c) whether Defendants made unlawful deductions from the wages of Plaintiff and the Rule 23 Class;

    (d) whether Defendants failed to provide Plaintiff and the Rule 23 Class spread-of-hours compensation as required by the NYLL;

    (e) whether Plaintiffs bore work related expenses that were for the benefit and convenience of the Defendants;

    (f) whether Defendants failed to keep true and accurate time and pay records for all hours worked by its employees, and other records required by the NYLL;

    (g) whether Defendants failed to comply with the posting and notice requirements of the NYLL;

    (h) whether Defendants failed to furnish Plaintiff and the Class with an accurate statement of wages, hours worked, rates paid, gross wages, and the claimed tip allowance as required by the NYLL; and

    (h) the nature and extent of class-wide injury and the measure of damages for those injuries.

28. The claims of Plaintiffs are typical of the claims of the Rule 23 Class they seek to

represent. Plaintiffs and all the Rule 23 Class members work or have worked for

Defendants and were subject to the same policy or practices. Plaintiffs and the Rule 23

Class members enjoy the same statutory rights under the New York Labor Law to be paid

for all hours worked, to be paid minimum and overtime wages, and to keep the tips they

earn. Plaintiff and Rule 23 Class members have all sustained similar types of damages as a

result of Defendants' failure to comply with the New York Labor Law. Plaintiff and the

Rule 23 Class members have all been injured in that they have been uncompensated or

under-compensated due to Defendants' common policies, practices, and patterns.

29. Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class

members. Plaintiff has retained counsel competent and experienced in complex class

actions and employment litigation. There is no conflict between the Plaintiff and the Rule

23 Class members.

30. A class action is superior to other available methods for the fair and efficient adjudication

of this litigation. The members of the Rule 23 Class have been damaged and are entitled to

recovery as a result of Defendants' violation of the New York Labor Law as well as its

common and uniform policies, practices, and procedures. Although the relative damages

suffered by individual Rule 23 Class members are not *de minimis*, such damages are small

compared to the expense and burden of individual prosecution of this litigation. Individual

plaintiffs lack the financial resources to conduct a thorough examination of Defendants'

timekeeping and compensation practices and to prosecute vigorously a lawsuit against

Defendants to recover such damages. In addition, class litigation is superior because it will

obviate the need for unduly duplicative litigation that might result in inconsistent

judgments about Defendants' practices.

31. This action is properly maintainable as a class action under Federal Rule of

Civil Procedure 23(b)(3).

## COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff Brown brings the First Causes of Action, FLSA claims, on behalf of herself and all similarly situated dancers who have worked at Defendants' night clubs and who elect to opt-in to this action (the "FLSA Collective"), the collective action class consisting of "all dancers who were suffered or permitted to work for Defendants for the period commencing three years preceding the filing of their consent to sue in this case."

33. Defendants are liable under the FLSA for, inter alia, failing to properly compensate Plaintiff. Upon information and belief, there are many similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants ' records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. §216(b).

## CLASS-WIDE FACTUAL ALLEGATIONS

34. Plaintiff and the members of the Rule 23 Class and the FLSA Collective Action class (collectively "Class Members") have been victims of Defendants' common policy and plan perpetrated by Defendants that has violated their rights under the FLSA and the NYLL by denying them minimum wage, proper overtime compensation, spread of hours pay and tips they earned. At all times, Defendants' unlawful policies and patterns or practices have been willful.

35. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the Class Members by engaging in a pattern, practice,

and/or policy of violating the FLSA and the NYLL as described in this Class Action Complaint. This policy and pattern or practice includes, but is not limited to the following:

    a.    making deductions from Plaintiffs and Class Members' wages including but not limited to confiscating portions of tips and other pay earned by Plaintiff and Class Members;

    b.    failing to keep accurate and adequate records of wages paid to Plaintiff and Class Members, deductions taken from their wages, allowances or other credits taken by Defendants, and hours worked by Plaintiff and Class Members as required by the FLSA and the NYLL;

    c.    failing to comply with the posting and/or notice requirements of the FLSA and the NYLL;

    d.    failing to pay Plaintiff and Class Members at least the applicable minimum hourly wage rate under the FLSA and the NYLL for all hours worked;

    e.    failing to pay Plaintiff and Class Members for their uniform and for the cost of laundering and maintaining their uniform;

    f.    failing to pay Plaintiff and Class Members proper overtime compensation for the hours they worked in excess of 40 hours in a workweek;

    g.    failing to pay to Plaintiff and Class Members "spread of hours" pay for all shifts in which the start and end of the shift were 10 or more hours apart.

36. Upon information and belief, Defendants' unlawful conduct described in this Complaint has been pursuant to a corporate policy or practice of minimizing labor costs and denying employees' rightful compensation by knowingly violating the FLSA and NYLL.

37. Defendants' unlawful conduct has been widespread, repeated, and consistent. Upon

information and belief, Defendants' policies and practices described in this Class Action Complaint have been centrally promulgated throughout each of Defendants' separate facilities.

38. Defendants' unlawful conduct, as set forth in this Class Action Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and the Class Members.

39. Defendants' deceptive conduct prevented Plaintiff and the Class Members from discovering or asserting their claims any earlier than they did.

**PLAINTIFF'S FACTUAL ALLEGATIONS**

40. Defendants operate adult entertainment clubs at North Tonawanda and Cheektowaga, New York and Myrtle Beach, S.C.

41. Plaintiff BROWN worked for Defendants from approximately February 2010-February 2012.

42. Patrons at the club paid the bouncers for the private dances, VIP dances, and related services that the Plaintiff Dancers performed.

43. Defendants paid Plaintiffs for their work by giving them a portion of the gross receipts the club received attributable to their private dancing, VIP dancing, and related services. Plaintiffs also received tips from club patrons for dancing on stage. From this pay, Plaintiffs were required to give tips to the bouncers, owners and managers and they were required to pay a house fee of $10 a night in order to be able to work for Defendants.

44. Defendants do not document the pay they give to Plaintiffs on a W-2 or Form 1099.

45. Defendants do not pay Plaintiffs social security, unemployment, workers' compensation or other required taxes and benefits.

46. Defendants "suffered or permitted" Plaintiffs to work for Defendants, exercised control

over the Plaintiffs, and stood in all legal respects as their employer, including but not limited to:

    a.  Setting rules for when Plaintiffs must work,

    b.  Setting rules for the availability of weekend shifts,

    c.  Setting rules for the number of hours each shift,

    d.  Setting rules for behavior at the club,

    e.  Setting rules for how Plaintiffs would be paid,

    f.  Setting rules for how Plaintiffs could select music to which they would dance,

    g.  Setting rules for tips to be paid to managers, bouncers and disc jockeys,

    h.  Setting rules for the clothing that Plaintiffs would wear while working,

    i.  Setting rules for behavior with customers, and

    j.  Setting rules for behavior outside the club in non-working hours.

47. Defendants failed to record all hours that Plaintiffs worked, failed to pay Plaintiffs as employees, failed to pay payroll taxes or otherwise provide benefits that are or were required to be paid Plaintiffs by law.

48. Defendants failed even to treat Plaintiffs as independent contractors insofar as they failed to provide Plaintiffs with an IRS Form 1099 listing the amounts of income paid per year.

49. Defendants did not pay Plaintiff BROWN and class members the proper minimum wage for all of the time that they were suffered or permitted to work each workweek.

50. Defendants unlawfully demanded that Plaintiffs pay portions of the tips and other earnings that Plaintiffs earned to managers, bouncers and disc jockeys for each shift they worked.

51. Defendants did not pay Plaintiffs time and one half overtime compensation for all of the time that they were suffered or permitted to work in excess of 40 hours per workweek.

52. Defendants did not keep accurate records of wages or tips earned, or of hours worked by Plaintiffs.

53. Defendants made unlawful deductions from Plaintiff BROWN and class members' wages.

54. Plaintiffs are required to purchase and maintain specialized clothing for dancing at Defendants' clubs. Defendants did not maintain required uniforms for any Dancer and did not pay the Plaintiff or Class Members, uniform maintenance pay.

55. Defendants did not compensate Plaintiffs for the cleaning, care, and maintenance of the uniform they required Plaintiffs to wear while working at Defendants' clubs.

56. Defendants did not pay Plaintiffs spread-of hours pay for shifts she worked of 10 hours or more.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act - Minimum Wages
### (Brought on behalf of Plaintiff and the FLSA Collective)

57. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

58. Defendants failed to pay Plaintiff and the Class Members the minimum wages to which they are entitled under the FLSA.

59. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

60. At all times relevant, Plaintiff and the Class Members were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

61. At all times relevant, Plaintiff and the Class Members were or have been employees within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

62. At all times relevant, Defendants have been an employer engaged in commerce and/or the

production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

63. Defendants were required to pay directly to Plaintiff and the Class Members the applicable federal minimum wage rate for all hours worked.

64. Defendants were not eligible to avail themselves of the federal tipped minimum wage rate. To avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. § 203(m), and supporting federal regulations, including but not limited to 29 C.F.R. § 531.50, etseq., Defendants were required to inform Plaintiff and the Class Members of the provisions of subsection 503(m) of the FLSA, 29 U.S.C. § 203 (m), and to allow such employees to retain all tips they received.

65. Defendants failed to inform Plaintiff and the Class Members of the provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m).

66. Defendants did not permit Plaintiff and the Class Members to retain all tips they received, in violation of the FLSA, 29 U.S.C. § 203(m).

67. Defendants failed to post and keep posted in a conspicuous place on the premises of Defendants a notice explaining the FLSA, as prescribed by the Wage and Hour Division of the U.S. Department of Labor, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting federal regulations, including but not limited to 29 C.F.R. § 516.4.

68. As a result of Defendants' violations of the FLSA, Plaintiff and the Class Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §216(b).

69. Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.

## SECOND CAUSE OF ACTION
### Fair Labor Standards Act - Overtime Wages
### (Brought on behalf of Plaintiff and the FLSA Collective)

70. Plaintiff re-alleges and incorporates by reference all allegations in all preceding
    paragraphs.

71. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 210 *et seq.*, and the
    supporting federal regulations, apply to Defendants and protect Plaintiff and the Class
    Members.

72. Defendants have failed to pay Plaintiff and the members of the FLSA Collective Action
    class the overtime wages for hours that they worked in excess of 40 hours in a workweek.

73. As a result of Defendants' unlawful acts, Plaintiff and the FLSA Collective Action class
    have been deprived of overtime compensation and other wages in amounts to be
    determined at trial, and are entitled to recovery of such amounts, liquidated damages,
    prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the
    FLSA.

## THIRD CAUSE OF ACTION

### Federal Law Fair Labor Standards Act - Uniform Expenses

### (Brought on behalf of Plaintiff and the FLSA Collective against all Defendants)

74. Plaintiff re-alleges and incorporates by reference all allegations in all
    preceding paragraphs.

75. Plaintiff and the members of the FLSA Collective earned less than the required minimum
    wages and overtime wages.

76. Defendants required Plaintiff and the members of the FLSA Collective to
    wear "uniform" in which to dance.

77. The uniform that Defendants required Plaintiff and the members of the

FLSA Collective to wear were not ordinary street clothing. Defendants did not permit variations in details of dress. Defendants prescribed a specific type and style of clothing to be worn at work, and required specific or distinctive styles, and quality of clothing.

78. Plaintiff and the members of the FLSA Collective incurred costs purchasing, maintaining, mending and laundering the uniform for the benefit and convenience of Defendants.

79. It was Defendants' policy, and pattern or practice at all of its clubs not to pay for the purchase or laundering of Plaintiff s and the members of the FLSA collective's uniform, not to reimburse them for these costs, and not to compensate them at all for these costs.

80. Plaintiff and the members of the FLSA Collective did not earn their wages free and clear.

81. The cost of furnishing and laundering uniform required by Defendants cut into Plaintiffs and the members of the FLSA collective's required minimum wage and overtime pay.

82. Defendants' conduct as alleged herein was willful.

83. As a result of Defendants' violations Plaintiff and the Class Members have suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation.

## FOURTH CAUSE OF ACTION

### Fair Labor Standards Act - Recordkeeping Violations
### (Brought on behalf of Plaintiff and the FLSA Collective against all Defendants)

84. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

85. Defendants failed to make, keep, and preserve accurate records with respect to Plaintiff and the members of the FLSA Collective as required by the FLSA, including hours

worked each workday and total hours worked each workweek, as required under 29

U.S.C. § 211(c) and supporting federal regulations.

86. Defendants failed to post and keep posted in a conspicuous place on their premises a

notice explaining the FLSA, as prescribed by the Wage and Hour Division of

the U.S. Department of Labor, in violation of the FLSA, 29 U.S.C. §§ 203(m), 211 and

supporting federal regulations, including but not limited to, 29 C.F.R. § 516.4.

Defendants' failure to make, keep, and preserve accurate records was willful.

### FIFTH CAUSE OF ACTION

**New York Labor Law Article 19 - Minimum Wages**
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

87. Plaintiff re-alleges and incorporates by reference all allegations in all preceding

paragraphs.

88. Defendants failed to pay Plaintiff and the New York Class Members the minimum wages

to which they are entitled under the NYLL.

89. Defendants have engaged in a widespread pattern, policy, and practice of violating the

NYLL, as detailed in this Class Action Complaint.

90. At all times relevant, Plaintiff and the Class Members have been employees and

Defendants have been employers within the meaning of the NYLL §§190, 651(5), 652 and

supporting New York State Department of Labor Regulations.

91. The minimum wage provisions of Article 19 of the NYLL and the supporting New York

State Department of Labor Regulations apply to Defendants and protect the Plaintiff and

the Class Members.

92. Defendants were required to pay Plaintiff and the Class Members a minimum wage at a

rate of (a) $5.15 per hour for all hours worked from January 1, 2004 through December

31, 2004, (b) $6.00 per hour for all hours worked from January 1, 2005 through December

31, 2005, (c) $6.75 per hour for all hours worked from January 1, 2006 through the
December 31, 2006, and (d) $7.15 per hour for all hours worked from January 1, 2007
through December 31, 2010 and € $7.25 from January 1, 2011 through the present time
under the NYLL §652 and the supporting New York State Department of Labor
Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. subpart §146-1
and to reimburse them for all employer business expenses borne by the Plaintiff and the
Class Members.

93. Defendants failed to pay the Plaintiff and the Class Members the minimum hourly wages
to which they are entitled under the NYLL and the supporting New York State
Department of Labor Regulations.

94. By Defendants' knowing or intentional failure to pay the Plaintiff and the members of the
Rule 23 Class minimum hourly wages, they have willfully violated the NYLL 19, §§ 650
*et seq.* and the supporting New York State Department of Labor Regulations, including
but not limited to the regulations in 12 N.Y.C.R.R. subpart §146-1.

95. Defendants were not allowed to avail themselves of the NYLL tipped minimum wage rate.

96. By Defendants' knowing or intentional failure to pay the Plaintiff and the members of the
Rule 23 Class minimum hourly wages, they have willfully violated the NYLL Article 19,
§§ 650 *et seq.* and the supporting New York State Department of Labor Regulations,
including but not limited to the regulations in 12 N.Y.C.R.R. Part 146 or alternatively Part
142.

97. Due to Defendants' violations of the NYLL, Plaintiff and the members of the Rule 23
Class are entitled to recover from Defendants their unpaid wages, liquidated damages,
reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment
interest.

## SIXTH CAUSE OF ACTION

### New York Labor Law Article 19 - Unpaid Overtime
### (Brought on behalf of Plaintiff BROWN and the members of the Rule 23 Class)

98. Plaintiff re-alleges and incorporates by reference all allegations in all preceding

paragraphs.

99. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations

apply to Defendants and protect Plaintiff and the Class Members.

100.    Defendants have failed to pay Plaintiff and the Class Members the overtime wages

to which they are entitled under the NYLL and the supporting New York State

Department of Labor Regulations.

101.    By Defendants' knowing or intentional failure to pay Plaintiff and the members of

the Rule 23 Class overtime wages for hours worked in excess of 40 hours per week, they

have willfully violated the NYLL Article 19, §§ 650 *et seq.*, and the supporting New York

State Department of Labor Regulations.

102.    Due to Defendants' violations of the NYLL, Plaintiff and the members of the

Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages,

liquidated damages as allowed by law, reasonable attorneys' fees and costs of the action,

and pre-judgment and post-judgment interest.

## SEVENTH CAUSE OF ACTION

### New York Labor Law - Spread-of-Hours Pay
### (Brought on behalf of Plaintiff and the members of the Rule 23 Class)

103.    Plaintiff re-alleges and incorporates by reference all allegations in all

preceding paragraphs.

104.    Defendants have willfully failed to pay Plaintiff and the Class Members

additional compensation of one hour's pay at the basic minimum hourly wage rate for

each day during which they worked more than 10 hours.

105.     By Defendants' failure to pay and the Class Members spread-of-hours pay,

Defendants have willfully violated the NYLL Article 19, §§ 650 *et seq.*, and the

supporting New York State Department of Labor Regulations, including but not limited to

12 N.Y.C.R.R. §§ 146-1.6 or alternatively §142-2.4.

## EIGHTH CAUSE OF ACTION

### New York Labor Law - Unlawful Wage Deductions
### (Brought on behalf of Plaintiff and the members of the Rule 23 Class)

106.     Plaintiff re-alleges and incorporates by reference all allegations in all preceeding

paragraphs.

107.     At all times relevant, Plaintiff and the Class Members have been employees within

the meaning of the NYLL §§ 190, *et seq.*, and supporting New York State Department of

Labor Regulations.

108.     At all times relevant, Defendants have been an employer within the meaning

of the NYLL §§ 190, *et seq.*, and supporting New York State Department of Labor

Regulations.

109.     At all times relevant, Defendants' managers have been agents and/or officers

within the meaning of the NYLL § 196-d and supporting New York State Department of

Labor Regulations.

110.     The wage payment provisions of Article 6 of the NYLL and the supporting New

York State Department of Labor Regulations apply to Defendants and protect the Plaintiff

and the Class Members.

111.     Defendants unlawfully demanded or accepted, directly or indirectly, part of the

gratuities received by Plaintiff and the Class Members in violation of NYLL § 196-d and

supporting New York State Department of Labor Regulations by requiring Plaintiffs to

pay daily compensation to their managers, bouncers, and disc jockeys.

112.     Defendants unlawfully retained part of the gratuities received by Plaintiff and the
Class Members in violation of NYLL § 196-d and supporting New York State Department
of Labor Regulations.

113.     Defendants redistributed and/or shared part of the gratuities received by Plaintiffs
and the members of the FLSA Collective with employees other than waiters, servers,
busboys, or similar employees, in violation of NYLL § 196-d and supporting New York
State Department of Labor Regulations.

114.     By Defendants' knowing or intentional demand for, acceptance of, and/or retention
of part of the gratuities received by Plaintiff Class Members, Defendants have willfully
violated the NYLL Article 6, § 196-d and the supporting New York State Department of
Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Subpart
146-2.

115.     Defendants also made unlawful deductions from the wages of employees and
failed to pay them the full amount of their wages as a result of *de facto* deductions for
uniform-related expenses in violation of NYLL Article 6, §§193, 198-b, and 12 NYCRR
§146-2.7(c).

116.     Due to Defendants' violations of the NYLL, Plaintiff and the members of the Rule
23 Class are entitled to recover from Defendants their unpaid wages, liquidated damages,
reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment
interest.

## NINTH CAUSE OF ACTION

**New York Labor Law - Uniform Expenses**
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class against all
Defendants)**

117.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

118.    Consistent with their policy and pattern or practice, Defendants prohibited Plaintiff and the Class Members from wearing street clothes to work and required them to wear uniform consisting of designated attire. The uniform that Defendants mandated could not be worn as part of Plaintiff s and the Class Members' ordinary wardrobe. Defendants prescribed a specific type and style of clothing to be worn at work, and required specific or distinctive styles and quality of clothing.

119.    Consistent with their policy and pattern or practice, Defendants required Plaintiff and the Class Members to purchase their own uniforms and failed to reimburse Plaintiff for the purchase of such clothing, in violation of NYLL and its supporting regulations, 12 N.Y.C.R.R. § 146-1.8.

120.    Consistent with their policy and pattern or practice, Defendants unlawfully required Plaintiff and the Class Members to launder and maintain their uniform and failed to provide Plaintiff with pay in addition to the minimum wage for these costs, in violation of NYLL and its supporting regulations, 12 N.Y.C.R.R. §146-1.7.

121.    Defendants further failed to reimburse Plaintiff for uniform expenses.

122.    Consistent with their policy and pattern or practice, Defendants' failure to reimburse Plaintiff for their uniform expenses resulted in Plaintiff being paid less than the minimum wage.

123.    Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants back wages in an amount prescribed by statute, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## TENTH CAUSE OF ACTION

### New York Labor Law - Recordkeeping Violations
### (Brought on behalf of Plaintiff and the members of the
### Rule 23 Class against all Defendants)

124.    Plaintiff re-alleges and incorporates by reference all allegations in all

preceding paragraphs.

125.    Defendants failed to make, keep, and preserve accurate records with respect

to Plaintiff and the Class Members, including hours worked each workday and total hours

worked each workweek, as required by NYLL Article 19, §§ 650 *et seq.*, and supporting

regulations, including 12 NYCRR §146-2.1 requiring every employer to establish,

maintain and preserve for at least six years weekly payroll records which shall show for

each employee: (1) name and address; (2) social security number or other employee

identification number; (3) occupational classification; (4) the number of hours worked

daily and weekly, including the time of arrival and departure for each employee working a

split shift or spread of hours exceeding 10; (5) regular and overtime hourly wage rates; (6)

the amount of gross wages; (7) deductions from gross wages; (8) the amount of net wages;

(9) tip credits, if any, claimed as part of the minimum wage; (10) meal and lodging credits,

if any, claimed as part of wages; (11) money paid in cash; (12) student classification, and

... whether the employee has uniforms maintained by the employer.

126.    Defendants failed to post in a conspicuous place in their establishment a notice

issued by the New York Department of Labor explaining the NYLL minimum wage

provisions, in violation of NYLL Article 19, §§ 650 *et seq.*, and supporting regulations,

including 12 NYCRR § 146-2.4.

127.    Defendants failed to post, in a conspicuous place, a notice issued by the New York

State Department of Labor summarizing tipped minimum wage provision, in violation of

the NYLL and supporting New York State Department of Labor Regulations including, but not limited to, 12 N.Y.C.R.R. §146-2.4.

128.     Defendants failed to furnish Plaintiff and the Class Members a statement with every payment of wages listing hours worked, rates paid, gross wages, and the tip allowance claimed as part of their minimum hourly wage rate, in violation of the NYLL and supporting New York State Department of Labor Regulations including, but not limited to, 12N.Y.C.R.R.

129.     Defendants failed, prior to the start of employment, to give each Plaintiff and Class Member written notice of the employee's regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate, and the regular payday, as well as to state that extra pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate. 12 N.Y.C.R.R §146-2.2.

130.     Defendants' failure to make, keep, disclose, give notice and preserve accurate records was willful.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiffs request that this Court enter an Order:

    1.     With respect to the FLSA violations:

        a.   Declaring that Defendants violated the FLSA;

        b.   Approving this action as a collective action;

        c.   Declaring that Defendants' violations of the FLSA were willful;

        d.   Granting judgment to Plaintiffs and represented parties for their claims of unpaid wages as secured by the Fair Labor Standards Act, as well as an equal amount in liquidated damages and interest; and

      e.   Awarding Plaintiffs and represented parties their costs and reasonable attorneys' fees.

2.      With respect to the Classes:

      a.   Certifying this action as a class action;

      b.   Designating Plaintiffs as Class Representatives;

      c.   Designating the undersigned counsel as Class Counsel; and

      d.   Entering a declaratory judgment that the practices complained of herein are unlawful;

3.      With respect to the New York state law claims:

      e.   Granting judgment to the named Plaintiffs and Class members including awarding statutory, compensatory and liquidated damages;

      f.   Awarding Pre-judgment and Post-Judgment interest, as provided by law; and

      g.   Awarding Plaintiffs their attorneys' fees and costs of suit, including expert fees.

Dated: June 6, 2012

Respectfully submitted,

Dan Getman
Getman & Sweeney, PLLC
9 Paradies Lane
New Paltz, NY 12561
845-255-9370
Fax 866-543-9619
dgetman@getmansweeney.com

Attorneys for Plaintiffs.