UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRISTY BROWN, ALSO KNOWN AS
"LEAH," individually and on behalf of herself
and all others similarly situated,

Plaintiffs,

v.

MUSTANG SALLY'S SPIRITS AND GRILL,
INC., d/b/a/ Tiffany's Cabaret & Steakhouse
and Tiffany's Cabaret, DAVID SCRIVANI,
DOMINIC L. SCRIVANI, and JOHN DOEs 1-
10,

Defendants.

**DECISION AND ORDER**
12-CV-529S

## I. INTRODUCTION

Plaintiff Christy Brown commenced this collective and putative class action pursuant to the Federal Labor Standards Act ("FLSA") and New York State Labor Law seeking damages due to Defendants' alleged failure to comply with these laws. Defendants now move this Court for Clarification of the October 5, 2012 Decision and Order governing Defendants' communications with potential class members. Defendants specifically request: (1) clarification of the restraint on Defendants' speech with potential class and opt-in plaintiffs; (2) clarification that the order is a preliminary injunction and not a temporary restraining order; and (3) that the Court impose a bond pursuant to Rule 65 (c).

## II. DISCUSSION

Initially, although Plaintiff's motion was denominated one for a temporary restraining order or preliminary injunction, this Court expressly stated that the limited relief granted was "a necessary and appropriate use of its discretion to supervise communications in class and collective actions." (October 5, 2012 Decision and Order at 10-11, Docket No. 34.) Thus, this is not a restraining order pursuant to Rule 65, but rather an order pursuant to Federal Rule of Civil Procedure 23 (d) and 29 U.S.C. § 216(b). See Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170-171, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989) (cited in October 5, 2012 Decision and Order at 3-4). The Court's discretion to issue an order governing communications in class and collective actions, and the limitations to that discretion, are discussed at length in the prior Decision and Order. Defendants have offered no reason for this analysis to be reexamined at this time. Further, it was ordered therein that:

- Defendants themselves, as opposed to their counsel, are prohibited from speaking with potential class action and opt in plaintiffs regarding the litigation, including any counterclaims or possible tax implications that might result, or using a third-party other than counsel to that end. No limitation is placed on Defendants' ability to speak with potential plaintiffs regarding other matters.

- Defense counsel is not prohibited from speaking with potential class action and opt in plaintiffs on an individual basis regarding the action, provided that counsel identify him- or herself as counsel for Defendants in this litigation. Plaintiffs' counsel, however, must be given one-week's notice and a preview copy of any written communication to be sent by defense counsel to potential class action and opt in plaintiffs which addresses Defendants' counterclaims or possible adverse tax implications. This will afford Plaintiffs an opportunity to either object to any potentially, even if not intentionally, misleading or coercive language therein, or to send their own complementary communication to the potential plaintiffs.

(October 5, 2012 Decision and Order at 10.)

Defendants contend that the above order is unworkable because defense counsel "has no relationship or knowledge of [potential class members] which will make communications futile and/or impossible to undertake without their client's initial interaction." (Def's Mem of Law at 2, Docket No. 37.) Accordingly, Defendants request that they, as opposed to their attorneys, be permitted to inform potential class members "that there is pending litigation and that [Defendants'] attorneys would like to speak with them regarding such pending litigation." (Id.) No argument is offered, however, as to why this limited task could not be accomplished by an introductory letter from their attorneys regarding themselves and the lawsuit, the contents of which Defendants can prepare with counsel. Further, the futility Defendants complain of is unclear, inasmuch as the potential class members are defined as "all dancers in New York who were suffered or permitted to work for Defendants" since 2006. (Compl. ¶ 22.) Thus, the names and contact information for these potential plaintiffs are a matter of Defendants' records.

Defendants also assert that the prior order precludes them from "investigating [their] defenses with past or present entertainers" by having themselves or their staff, instead of their attorneys, "find information or knowledgeable, quality witnesses." (Decl. of David Scrivani ¶ 18, Docket No. 37.) No specific examples are offered of what potential information is sought that could not be found in either Defendants' own records or through discovery. Further, it is unclear how their requested modification, that they be permitted to inform potential class members about the existence of the litigation without comment on the substance thereof (Scrivani Decl. ¶ 16; Def's Mem of Law at 2), will alleviate this alleged problem. Accordingly, the Court finds Defendants' argument that the restriction in

the prior Decision and Order will generate unforeseen, burdensome attorneys' fees to be speculative.

Finally, even considering the prior ruling a restraining order pursuant to Rule 65, this Court has wide discretion in setting the amount of any security bond, including the authority to determine that, under the circumstances, no security is required. Corning Inc. v. PicVue Elecs, Ltd., 365 F.3d 156, 158 (2d Cir. 2004); Doctor's Assocs., Inc. v. Distajo, 107 F.3d 126, 136 (2d Cir. 1997), *cert denied* 522 U.S. 948 (1997). Further, "[a] district court need not order security in respect of asserted economic damages that are 'speculative at best.'" Interlink Int'l Fin. Servs. v. Block, 145 F. Supp. 2d 312, 315 (S.D.N.Y. 2001) (quoting Inflight Newspapers, Inc. v. Magazines In-Flight, LLC, 990 F. Supp. 119, 140 (E.D.N.Y. 1997)). As noted, Defendants' arguments that they will incur substantial attorneys' fees as a result of the October 5, 2012 Decision and Order are conclusory and speculative, and therefore insufficient to support a security bond requirement. See CJ Prods. LLC v. Snuggly Plushez LLC, 809 F. Supp. 2d 127, 163 (E.D.N.Y. 2011) (party seeking security bears burden of establishing rational basis for the amount requested); AB Electrolux v. Bermil Indus. Corp., 481 F. Supp. 2d 325, 337 (S.D.N.Y. 2007) (same).

### III. CONCLUSION

For the reasons stated above, Defendants' Motion for Clarification and a Security Bond is denied.

**IV. ORDERS**

IT HEREBY IS ORDERED that Defendants' Motion for Clarification and a Bond

(Docket No. 37) is DENIED.

SO ORDERED.

Dated:  November 20, 2012
      Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Judge
