UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRISTY BROWN, ALSO KNOWN AS
"LEAH," individually and on behalf of herself
and all others similarly situated,

                              Plaintiffs,
     v.                                         **DECISION AND ORDER**
                                                                    12-CV-529S

MUSTANG SALLY'S SPIRITS AND GRILL,
INC., d/b/a/ Tiffany's Cabaret & Steakhouse
and Tiffany's Cabaret, DAVID SCRIVANI,
DOMINIC L. SCRIVANI, and JOHN DOEs 1-
10,

                              Defendants.

      1.      Plaintiff Christy Brown commenced this collective and putative class action pursuant to the Federal Labor Standards Act ("FLSA") and New York State Labor Law seeking damages due to Defendants' alleged failure to comply with these laws. Presently before the Court is the Joint Motion for Entry of a Stipulation and Consent Decree by which the parties, including opt-in Plaintiff Alicia Guastaferro, seek to end the present litigation.

      2.      Because this case involves the assertion of FLSA claims, special consideration must be paid to any proposed settlement in order to guard against an employer's possible coercion of a waiver or settlement from employees. Voldberg v. A.D. Winston Servs., No. 11-CV-2700, 2012 WL 1415051, *1 (E.D.N.Y. Apr. 20, 2012). "[A]n employee may not waive or otherwise settle an FLSA claim for unpaid wages for less than the full statutory damages unless the settlement is supervised by the Secretary of Labor or made pursuant to a judicially supervised stipulated settlement." Wolinsky v. Scholastic

1

Inc., – F. Supp. 2d –, 2012 WL 2700381, *1 (S.D.N.Y. 2012); see Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1352-53 (11th Cir. 1982); Martinez v. Ragtime Foods of New York, Inc., No. 11-CV-1483, 2011 WL 5508972, *1 (E.D.N.Y. 2011). When an employee brings a private action for back wages under FLSA, "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Lynn's Food Stores, Inc., 679 F.2d at 1353. "Courts generally approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." Chavarria v. New York Airport Service, LLC, 875 F. Supp. 2d 164, 176 (E.D.N.Y. 2012); see Lynn's Food Stores, Inc., 679 F.2d at 1354 n. 8.

3. The following motions are currently pending in this litigation: (1) Plaintiffs' motion to dismiss Defendants' counterclaims, (2) Plaintiffs' motion to conditionally certify the FLSA collective action and send class notice, (3) Plaintiffs' motion for leave to file a Rule 23 class certification motion, and (4) the motion of Defendant David Scrivani seeking partial summary judgment with respect to certain claims of Plaintiff Guastaferro as against him. A review of the parties' submissions in connection with these motions reveals the existence of bona fide disputes regarding Plaintiffs' FLSA and New York State Labor Law claims. These issues include, but are not limited to, the timeliness of Plaintiffs' certification motions, the status of Plaintiffs as employees or independent contractors, the hours each Plaintiff in fact worked during a given week, and whether fees paid for personal dances constitute tips, wages or commissions. There is also an apparent issue whether the two named Plaintiffs work for a single or separate employers.

4. Notably, the approval of "an 'agreement' between an employer and employees outside of the adversarial context of a lawsuit brought by the employees would

be in clear derogation of the letter and spirit of FLSA." Lynn's Food Stores, Inc., 679 F.2d at 1354 (district court properly denied approval of FLSA waiver agreements where there was "no evidence that any of the employees consulted an attorney before signing the agreements"). Here, however, the proposed resolution is the result of an arms length negotiation between represented parties. Further, although the litigation is in its early stages, it has developed enough to allow Plaintiffs to identify the disputed issues and, with the assistance of counsel, make an informed decision about accepting the Stipulation and Consent Decree without fear of potential overreaching by Defendants.

5. In light of the above, the Court finds the parties' agreed resolution to this litigation to be a reasonable compromise over bona fide disputed issues. The Stipulation and Consent Decree is therefore approved.


IT HEREBY IS ORDERED that the parties' Joint Motion for Entry of the Stipulation and Consent Decree (Docket No. 65) is GRANTED and a copy of this decree is filed herewith;

FURTHER, in accordance with the Stipulation and Consent Decree, a judgment shall be entered against Defendant Mustang Sally in the amount of $20,000 in favor of Plaintiff Christy Brown in accordance with the accepted offer of judgment (Docket No. 59);

FURTHER, that a judgment shall be entered against Defendant David Scrivani in the amount of $10,000 in favor of Plaintiff Alicia Guastaferro in accordance with the accepted offer of judgment (Docket No. 59);

FURTHER, that all pending motions are dismissed as moot (Docket Nos. 45, 47, 50, 58);

FURTHER, that the parties' request that the time in which to file a motion for attorneys' fees and costs (Fed. R. Civ. P. 54(d)(2)(B)(i)) be extended from 14 days to 28 days is GRANTED.

FURTHER, that the Clerk of the Court is directed to take the steps necessary to close this case.

SO ORDERED.

Dated: January 30, 2013
      Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Judge
